# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:09-cv-335-RJC-DSC

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| SIDNEY S. HANSON, et al., | ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on a Motion to Intervene (Doc. No. 6). The Intervening Plaintiffs are Plaintiffs in a related civil suit against the same Defendants (3:09-cv-290). For the following reasons, the Motion to Intervene is **DENIED**.

The Intervening Plaintiffs seek to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. In order to prevail in a motion to intervene as of right under Rule 24(a), the would-be intervenors must show that: (1) the motion is timely made; (2) they possess a "direct and substantial interest" in the subject matter of the litigation; (3) the denial of invention would significantly impair or impede their ability to protect their interest; and (4) their interests are not adequately protected by the existing parties. Richman v. First Woman's Bank (In re Richmond), 104 F.3d 654, 659 (4th Cir. 1997). "[A] would-be intervenor bears the burden of demonstrating to the court a right to intervene," Id. at 658, and must prove each element in order for a court to grant intervention as of right. United Guar. Residential Ins. Co. v. Philadelphia Sav. Fund Soc., 819 F.2d 473, 474 (4th Cir. 1987).

The Intervening Plaintiffs claim to have an interest in the subject matter of the lawsuit as

victims of Defendants' fraudulent scheme. Although the Intervening Plaintiffs claim an interest in Defendants' assets, the Court finds that their interest is adequately represented by Plaintiff U.S. Commodity Futures Trading Commission.

**IT IS THEREFORE ORDERED** that the Motion to Intervene (Doc. No. 6) is **DENIED**.

Signed: August 18, 2009

Robert J. Conrad, Jr.
Chief United States District Judge