# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CASE NO. 3:09-cv-335-RJC

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| QUEEN SHOALS, LLC,;<br>QUEEN SHOALS II, LLC;<br>SELECT FUND, LLC;<br>SIDNEY STANTON HANSON; and<br>CHARLOTTE M. HANSON. | )<br>)<br>)<br>)<br>) |
| Defendants, and | ) **ORDER** |
| SECURE WEALTH FUND, LLC;<br>HERITAGE GROWTH FUND, LLC;<br>DOMINION GROWTH FUND, LLC;<br>TWO OAKS FUND, LLC;<br>DYNASTY GROWTH FUND, LLC; and<br>QUEEN SHOALS GROUP, LLC. | )<br>)<br>)<br>)<br>)<br>) |
| Relief Defendants | ) |

**THIS MATTER** is before the Court on Sidney S. Hanson and Charlotte M. Hanson's Motion for Supplemental Order to Statutory Restraining Order and Order of Receivership. (Doc. No. 4). The Court held a hearing on the motion on August 6, 2009. The Court has determined that there is just cause for the requested relief but that certain provisions must be made to protect the rights of victims to be identified in Sidney S. Hanson's criminal case, 3:09cr139.

**IT IS THEREFORE ORDERED** that Sidney S. Hanson and Charlotte M. Hanson's Motion for Supplemental Order to Statutory Restraining Order and Order of Receivership (Doc. No. 4) is **GRANTED** subject to the following terms:

1. All funds for living expenses or attorneys' fees must be deposited into the Hansons' Bank of America Checking Account (No. 2370 1799 6035);

2. Prior to the deposit of any funds from third-parties, other than governmental agencies, the Hansons must submit to the Commission and the United States Attorney for the Western District of North Carolina:

    (a) An affidavit from the third-party attesting that he/she did not receive, and is not providing the Hansons with, funds derived from or related to any of the Defendants or Relief Defendants' prior activities; and

    (b) A copy of business records from which the source of funds can be traced for a period of 12 months prior to deposit or other documents which satisfy the Commission and the United States Attorney for the Western District of North Carolina that these funds are unrelated to any of the Defendants or Relief Defendants' prior activities.

3. The Hansons' may receive no more than $3,800.00 per month; and

4. The Hansons may immediately transfer $850.00 from existing personal accounts into the above-referenced account for personal living expenses.

To the extent funds are deposited into the above-referenced account and used by the Hansons in accordance with this Supplemental Order, those funds shall be exempt from the provisions of the Statutory Restraining Order.

Signed: August 27, 2009

Robert J. Conrad, Jr.
Chief United States District Judge