UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> QUEEN SHOALS, LLC,; <br> QUEEN SHOALS II, LLC; <br> SELECT FUND, LLC; <br> SIDNEY STANTON HANSON; and <br> CHARLOTTE M. HANSON. <br><br> Defendants, and <br><br> SECURE WEALTH FUND, LLC; <br> HERITAGE GROWTH FUND, LLC; <br> DOMINION GROWTH FUND, LLC; <br> TWO OAKS FUND, LLC; <br> DYNASTY GROWTH FUND, LLC; and <br> QUEEN SHOALS GROUP, LLC. <br><br> Relief Defendants | CASE NO. 3:09-cv-00335-RJC-DSC |

## SUPPLEMENTAL CONSENT ORDER OF SETTLEMENT, PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

I.

### INTRODUCTION

On August 4, 2009, the U. S. Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint in this civil action against Defendants Queen Shoals, LLC ("Queen Shoals"); Queen Shoals II, LLC ("QS II"); Select Fund, LLC ("Select Fund"); Charlotte M. Hanson ("C. Hanson"); and Sidney Stanton Hanson ("Hanson"), (collectively "Defendants") and Relief Defendants Secure Wealth

1

Fund, LLC; Heritage Growth Fund, LLC; Dominion Growth Fund, LLC; Two Oaks Fund, LLC; Dynasty Growth Fund, LLC; and Queen Shoals Group, LLC (collectively the "Relief Defendants"). *See* Docket Entry No. 1. The Complaint seeks injunctive and other legal and equitable relief for violations of the antifraud provisions of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1 *et seq.*, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1 *et seq.* (2010). The Court also entered a Consent Order of Settlement, Permanent Injunction, and Other Equitable Relief ("Consent Order of Settlement") on or about August 7, 2009. *See* Docket Entry No. 8. The parties have filed a Joint Motion to Enter Restitution and Civil Monetary Penalties ("Joint Motion") so that the Court may determine the amount of restitution and civil monetary penalties to be entered against the Defendants and Relief Defendants. As it appears to the Court that this is a proper case for granting the requested relief to preserve the *status quo*, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court grants the Joint Motion and enters this Supplemental Consent Order of Settlement, Permanent Injunction, and Other Equitable Relief ("Supplemental Order") as follows:

## II.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint without a trial on the merits or any further judicial proceedings, Defendants and Relief Defendants:

1. Consent to the entry of this Supplemental Order.

2. Affirm that the individual Defendants and the authorized representatives of the corporate Defendants and corporate Relief Defendants have read and agree to this Supplemental Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Order, other than as

2

set forth specifically herein.

3. Acknowledge proper service of the Summons and Complaint.

4. Admit that this Court has jurisdiction over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

5. Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006).

6. Waive: (a) all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1, *et seq.* (2010), relating to, or arising from, this action; (b) all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. 104-121, §§ 201-253, 110 Stat. 847, 857-68 (1996), as amended by Pub .L. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action; (c) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (d) all rights of appeal in this action;

7. Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Supplemental Order and for any other purposes relevant to this action.

8. Agree that they and their agents, servants, employees, contractors and attorneys shall not take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or Findings of Fact or Conclusions of Law contained in any prior Order and/or in this Supplemental Order, or creating, or tending to create, the impression that the Complaint or this Supplemental Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants' and Relief Defendants': (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendants and Relief Defendants shall take all

3

necessary steps to ensure that all of their agents, servants, employees, contractors and attorneys understand and comply with this agreement;

9. By consenting to the entry of this Supplemental Order, Defendants and Relief Defendants neither admit nor deny the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Supplemental Order or any prior Order, except as to jurisdiction and venue, which they admit; however, Defendants and Relief Defendants agree and intend that the allegations of the Complaint and all of the Findings of Fact and Conclusions of Law made by this Court and contained in any prior Order and/or in this Supplemental Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of: any current or subsequent bankruptcy proceeding filed by, on behalf of, or against Defendants or Relief Defendants; any proceeding to enforce this Supplemental Order; and/or any proceeding pursuant to Section 8a of the Act, 7 U.S.C. § 12a(1) (2006) and/or Part 3 of the Commission's Regulations, 17 C.F.R. §§ 3 *et seq.* (2010).

10. Defendants and Relief Defendants shall provide immediate notice of any bankruptcy filed by, on behalf of, or against them collectively and/or individually in the manner required by paragraph 31 of this Supplemental Order.

11. No provision of this Supplemental Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against any of the Defendants and/or Relief Defendants or any other person in any other proceeding.

III.

## THE PARTIES

12. **Plaintiff U. S. Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.* (2006), and the Regulations promulgated thereunder, 17 C.F.R.

4

§§ 1 *et seq.* (2010).

13. **Defendant Queen Shoals, LLC** is a Nevada limited liability company founded and formed by C. Hanson and Hanson on August 29, 2006, with its claimed principal place of business listed as 312 West Fourth Street, Carson City, Nevada 89703. Queen Shoals does not appear to maintain any physical offices in Nevada; rather, it operates out of offices located at 8520 Cliff Cameron Drive, Suite 150, Charlotte, North Carolina 28269. Queen Shoals has never been registered with the CFTC in any capacity. Queen Shoals is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

14. **Defendant Queen Shoals II, LLC** is a Delaware limited liability company founded and formed by Hanson on or about March 5, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. QS II does not appear to maintain any physical offices in Delaware; rather, it operates out of offices located at 8520 Cliff Cameron Drive, Suite 150, Charlotte, North Carolina 28269. QS II has never been registered with the CFTC in any capacity. QS II is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

15. **Defendant Select Fund, LLC** is a Delaware limited liability company founded and formed by Hanson on or about October 14, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. Select Fund does not appear to maintain any physical offices in Delaware; rather, it operates out of offices located at 8520 Cliff Cameron Drive, Suite 150, Charlotte, North Carolina 28269. Select Fund has never been registered with the CFTC in any capacity. Select Fund is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

16. **Defendant Charlotte M. Hanson** resided at 5919 Maple Street, Charlotte, North Carolina,

5

28269, a property owned by Queen Shoals. C. Hanson held herself out as a managing director of Queen Shoals and QS II, and was the signatory on bank accounts held by Queen Shoals, QS II and Select Fund. C. Hanson has never been registered with the CFTC.

17. **Defendant Sidney Stanton Hanson** resided at 5919 Maple Street, Charlotte, North Carolina, 28269, a property owned by Queen Shoals. Hanson is currently in federal custody on related criminal charges. Hanson held himself out as the founder, owner, managing director, and manager of Queen Shoals, QS II and Select Fund. Hanson has never been registered with the CFTC.

18. **Relief Defendant Secure Wealth Fund, LLC** is a Delaware limited liability company founded and formed by Hanson on or about October 14, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

19. **Relief Defendant Heritage Growth Fund, LLC** is a Delaware limited liability company founded and formed by Hanson on or about October 14, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

20. **Relief Defendant Dominion Growth Fund, LLC** is a Delaware limited liability company founded and formed by Hanson on or about October 14, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

21. **Relief Defendant Two Oaks Fund, LLC** is a Delaware limited liability company founded and

6

formed by Hanson on or about October 14, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

22. **Relief Defendant Dynasty Growth Fund, LLC** is a Delaware limited liability company founded and formed by Hanson on or about September 8, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

23. **Relief Defendant Queen Shoals Group, LLC** is a Delaware limited liability company founded and formed by Hanson on or about September 25, 2008 with its claimed principal place of business listed as 16192 Coastal Highway, Lewes, Delaware 19958. It is not a financial institution, registered broker dealer (or their associated person), insurance company, bank holding company, or investment bank holding company.

IV.

RESTITUTION, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF

IT IS FURTHER ORDERED THAT:

24. The Defendants shall comply fully with the following terms, conditions and obligations relating to the payment of restitution and a civil monetary penalty. The equitable relief provisions of this Supplemental Order shall be binding upon the Defendants and any person who is acting in the capacity of officer, agent, employee, servant, or attorney of the Defendants, and any person acting in active concert or participation with the Defendants and those equitable relief provisions that relate to restitution shall be binding on any financial institutions listed herein or holding frozen funds or assets of the Defendants, who receives actual notice of this Supplemental Order by personal service or otherwise.

A.  RESTITUTION

25. Defendants, jointly and severally, shall immediately make full restitution in the amount of $23 million, plus pre-judgment and post-judgment interest, to all persons who gave funds, either directly or indirectly, to Defendants as a result of the course of illegal conduct alleged in the Complaint (the "Restitution Obligation"). Pre-judgment interest shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 662(a)(2) from June 18, 2008 to the date of this Supplemental Order. Post-judgment interest shall accrue on the Restitution Obligation commencing on the date of entry of this Supplemental Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Supplemental Order pursuant to 28 U.S.C. § 1961(a). All restitution payments shall be made to the Office of the United States Attorney of the Western District of North Carolina, which shall be solely responsible for accounting for all restitution collected from the Defendants.

26. All funds of the Defendants seized by the Office of the United States Attorney of the Western District of North Carolina from the Defendants and/or third parties shall be credited towards the Defendants' Restitution Obligation herein. All restitution paid by Hanson in *USA v. Hanson*, Case Number 3:09-cr-139 RJC filed in the U.S. District Court of the Western District of North Carolina, shall be credited against the Defendants' Restitution Obligation herein.

27. Payment procedure and distribution of restitution shall solely be determined by the Office of the United States Attorney of the Western District of North Carolina.

28. To the extent that any funds accrue to the U.S. Treasury as a result of Defendants' Restitution Obligation, such funds shall be transferred to the United States Attorney of the Western District of North Carolina for disbursement in accordance with the procedures set forth in the preceding paragraph.

8

### B. CIVIL MONETARY PENALTY

29. The Defendants, jointly and severally, shall pay a civil monetary penalty in the amount of $1.2 million (the "CMP Obligation"). Post judgment interest shall accrue on the CMP Obligation commencing on the date of entry of this Supplemental Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Supplemental Order pursuant to 28 U.S.C. § 1961.

30. The Defendants shall pay the CMP Obligation to the CFTC by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If the payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany the payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581.

### C. DISGORGEMENT BY RELIEF DEFENDANTS

9

31. The Relief Defendants shall disgorge all ill gotten gains received from the Defendants. The amounts of the Relief Defendants' respective disgorgement obligations are as follows:

   a. Secure Wealth Fund, LLC: $15,000;
   b. Heritage Growth Fund, LLC: $15,000;
   c. Dominion Growth Fund, LLC: $15,000;
   d. Two Oaks Fund, LLC: $160,000;
   e. Dynasty Growth Fund, LLC: $10,985,000;
   f. Queen Shoals Group, LLC: $11,105,010.

32. The Relief Defendants shall make payment of their respective disgorgement obligations by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman – AMZ-300
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-6569

If the payment is to be made by electronic funds transfer, Relief Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Relief Defendants shall accompany the payment of disgorgement with a cover letter that identifies Relief Defendants and the name and docket number of this proceeding. Relief Defendants shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Director, Division of Enforcement, U. S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, U.S. Commodity

Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581.

D. **Priority of Monetary Sanctions, Partial Payments, and Satisfaction of Judgment**

33. Priority of Monetary Sanctions: All payments by Defendants pursuant to this Supplemental Order shall first be applied to satisfaction of the Restitution Obligation herein. After satisfaction of the Restitution Obligation, payments by Defendants pursuant to this Supplemental Order shall be applied to satisfy the CMP Obligation.

34. Partial Payments: Any acceptance by the Commission and/or the United States Attorney of the Western District of North Carolina of partial payment of the Restitution Obligation and/or CMP Obligation shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Supplemental Order, or a waiver of the Commission's right to compel payment of any remaining balance.

35. Satisfaction of Judgment: Upon termination of the Restitution Obligation and CMP Obligation, satisfaction of judgment will be entered as to each Defendant. Upon termination of the disgorgement obligations, satisfaction of judgment will be entered as to each Relief Defendant.

## VI.

## MISCELLANEOUS PROVISIONS

36. Notices: All notices required to be given by any provision in this Supplemental Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Director of Enforcement
U. S. Commodity Futures Trading
Commission
1155 21st Street N.W.
Washington, DC 20581

Timothy J. Mulreany
Division of Enforcement
U. S. Commodity Futures Trading
Commission
1155 21st Street N.W.
Washington, DC 20581

Notice to Defendants and Relief Defendants:
Mr. Sidney S. Hanson
Inmate Number 387834
P.O. Box 34429

Charlotte, North Carolina 28234-4429

Ms. Charlotte M. Hanson
Charlotte M. Hanson
(UPS Store Mail Box)
401 Hawthorne Lane
Suite 110
Charlotte, North Carolina 28204

And

1831 Mecklenburg Avenue
Charlotte, North Carolina 28205

37. <u>Entire Agreement and Amendments</u>: This Supplemental Order incorporates all of the terms and conditions of the settlement among the parties hereto as it relates to restitution, disgorgement, and civil monetary penalties. Nothing shall serve to amend or modify this Supplemental Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

38. <u>Invalidation</u>: If any provision of this Supplemental Order or the application of any provisions or circumstances is held invalid, the remainder of the Supplemental Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

39. <u>Waiver</u>: The failure of any party hereto or of any customer at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Supplemental Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Order.

40. <u>Acknowledgements</u>: Upon being served with copies of this Supplemental Order after entry

by the Court, Defendants and Relief Defendants shall sign acknowledgments of such service and serve such acknowledgments on the Court and the Commission within seven (7) calendar days.

41. Authority: Sidney Stanton Hanson is authorized, empowered, and directed to sign and submit this Supplemental Order on behalf of Queen Shoals, LLC; Queen Shoals II, LLC; Select Fund, LLC; Queen Shoals Group, LLC; Secure Wealth Fund, LLC; Heritage Growth Fund, LLC; Dominion Growth Fund, LLC; and Two Oaks Fund, LLC; Dynasty Growth Fund, LLC.

42. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this cause to assure compliance with this Supplemental Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this *Supplemental Consent Order of Settlement, Permanent Injunction and Other Equitable Relief.*

Consented to and Approved by:

_____
Sidney Stanton Hanson, Individually, and as
Authorized Representative of:
Queen Shoals, LLC; Queen Shoals II, LLC; Select Fund, LLC;
Queen Shoals Group, LLC; Secure Wealth Fund, LLC;
Heritage Growth Fund, LLC; Dominion Growth Fund, LLC;
Two Oaks Fund, LLC; Dynasty Growth Fund, LLC

Date: 03-18-2011

_____
Charlotte M. Hanson, Individually

Date: 02-09-2011

13

Case 3:09-cv-00335-RJC-DSC   Document 29   Filed 10/28/11   Page 13 of 14

ORDERED AND ADJUDGED:

DONE AND ORDERED in Chambers at Charlotte, North Carolina, this 27 day of October, 2011.

_____
United States District Judge

cc: All counsel and *pro se* parties of record

14